CUMMINGS v. PFOUTS.

In an action upon the assignment of a promissory note secured by mortgage, it is a sufficient defense to show that the note, mortgage, and judgment do not waive the appraisement law, and that property of the maker of the note has been sold upon said judgment without appraisement.

*Wednesday, November 30.*

APPEAL from the *Cass* Circuit Court.

DAVISON, J.— *Cummings*, who was the plaintiff, brought this action against *Pfouts* upon the assignment of a promissory note. The note is for the payment of 500 dollars, bears date *September* 22, 1849, was executed by one *William Eidson*, and is payable to *John A. Taylor*, on or before the 11th of *August*, 1854. *Taylor* assigned the note to *Pfouts*, the defendant, who assigned it to the plaintiff.

The complaint alleges that, on the 12th of *August*, 1854, the plaintiff commenced an action on the note, and a mortgage by which it was secured, in the *Miami* Circuit Court; and at the *March* term, 1855, of that Court, recovered a judgment against *Eidson*, the maker, for 1,260 dollars, upon which, on the 20th of *April* then next following, he sued out an execution, which was delivered to the sheriff, who returned 69 dollars made on the debt, besides costs, &c. And further, it is alleged that when the note became due, *Eidson* was, and still is, insolvent, having no property subject to execution, so that an action against him would have been unavailing, &c.

Defendant's answer contains five paragraphs. The third, raises the only question presented for our consideration. Hence, the others will not be further noticed.

By the third paragraph, defendant admits that plaintiff brought suit, in the *Miami* Circuit Court, against *William D. Eidson* and *Asinath Eidson*, his wife, upon the note and the mortgage by which it was secured, and that, at the *March* term, 1855, of said Court, he recovered a judgment against them, upon the same note and mortgage, for 1,260 dollars. But he avers that that judgment is as follows: "It is ordered and decreed, that the plaintiff recover of the defendants, *William D. Eidson* and wife, 1,260 dollars and

his costs; and that said mortgage be foreclosed, and the mortgaged premises (describing them) or so much thereof as may be necessary to satisfy the judgment and costs, be sold for that purpose, and that any balance that might remain unsatisfied after the sale of the premises, be levied of any property of the defendant. It is also averred that the mortgage was executed by *Eidson* and his wife, to secure the note sued on, and another note given by *Eidson*, of the same date, and for a similar amount, payable *August* 11, 1859; that the mortgage and notes were given in the state of *Indiana*, and payable there—both parties residing in said state—and that there was no clause in either of the notes, nor in the mortgage, waiving the appraisement laws. That the lands described, &c., and ordered to be sold, are worth 1,200 dollars, and have not been sold in accordance with said decree; but on the contrary, the plaintiff procured to be issued, an attested copy of that decree, under the seal of the Court, upon which the sheriff of *Miami* county, on the 24th of *May*, 1855, offered the mortgaged premises for sale, and the plaintiff, at that sale, bid for and purchased them for 100 dollars, and no more. And it is further averred, that the sheriff did not, previous to, or at the time of, the sale, cause the real estate thus sold to be appraised, but the same was sold to the plaintiff without regard to the appraisement laws of this state, &c.

To this paragraph the plaintiff demurred, but his demurrer was overruled, and final judgment rendered for the defendant, &c.

The demurrer admits the facts pleaded. Are they, as pleaded, a sufficient bar to the present action?

In argument, it is insisted that the sale, under the decree of the *Miami* Circuit Court, having been without appraisement, is void; that the real estate attempted to be sold, is, therefore, still the property of *Eidson*, the maker of the note, and subject to execution; and that his property not being exhausted, the suit against the assignor is premature, and consequently, not maintainable. This reasoning is consistent with the facts stated in the defense, and seems to be conclusive.

*Nov. Term,*
*1859.*

CUMMINGS
v.
PROUTS.

The statute says: "When a judgment is to be executed without any relief from appraisement laws, it shall be so ordered in the judgment." 2 R. S. p. 123.

In this case, the judgment under which *Eidson's* property was sold, contained no such order; nor did the written contract upon which it was founded, waive such relief. The result is—the sheriff's sale was a nullity. *Doe* v. *Craft*, 2 Ind. R. 359.—*Morss* v. *Doe*, *id.* 66.—*Morton* v. *White*, 5 *id.* 338. The paragraph in question, shows affirmatively that *Eidson*, at the commencement of the suit, was the owner of property subject to execution, and was, therefore, a sufficient defense to the action, hence the demurrer was properly overruled.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Z. Stuart* and *H. P. Biddle*, for the appellant.

*D. D. Pratt*, for the appellee.